IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS CURTIS HINES,          :
AIS 118977,
                              :
    Petitioner,
                              :
vs.                                        CA 11-0648-WS-C
                              :
CYNTHIA WHITE,
                              :
    Respondent.

**REPORT AND RECOMMENDATION**

Thomas Curtis Hines, a state prisoner presently in the custody of respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that the instant petition be dismissed with prejudice because the instant petition is an unauthorized second or successive habeas corpus application under 28 U.S.C. § 2244(b)(3)(A).

**BACKGROUND**

On December 5, 1983, Hines was convicted of possession of burglar's tools in the Circuit Court of Mobile County, Alabama and was sentenced to a 30-year term of imprisonment pursuant to Alabama's Habitual Felony Offender Act, Ala.Code § 13A-5-9(b)(1). (*Compare* Doc. 5, at 2 *with* Doc. 12, Exhibit 5, at 1.) Hines' conviction and

sentence were affirmed by the Alabama Court of Criminal Appeals in an unpublished memorandum opinion issued on April 10, 1984. *Hines v. State*, 453 So.2d 7 (Ala.Crim.App. 1984) (table). That court ultimately issued a certificate of final judgment of affirmance on May 1, 1984. (*See* Doc. 12, Exhibit 1, at 2.).

Hines filed a petition for writ of *error coram nobis* in the Circuit Court of Mobile County on May 7, 1984. (*See id.,* at 3.) Therein, petitioner alleged that he was denied the effective assistance of counsel and, as well, that he was denied his constitutional right to a speedy trial. *Hines v. State*, 461 So.2d 50 (Ala.Crim.App. 1984). The trial court dismissed Hines' writ without an evidentiary hearing. *Id*. The Alabama Court of Criminal Appeals found no error with the trial court's summary dismissal of petitioner's speedy trial claim but found his allegations of ineffective assistance of trial and appellate counsel sufficient to warrant an evidentiary hearing; therefore, the cause was remanded to the trial court for such a hearing. *Id*.[1]

> After this case was remanded to the trial court, an evidentiary hearing on the merits of the appellant's *pro se* petition for writ of error coram nobis was held. At the close of the hearing, the trial court entered an order denying the appellant's claim for relief. The trial court then filed a return to remand with this court.
>
> After a thorough review of the transcript of the evidentiary hearing, it is apparent to us that the appellant failed to prove that he was denied effective assistance of counsel under the guidelines set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

---

[1] As noted in the dissent, one of petitioner's claims of ineffective assistance of trial counsel was that his attorney "did not object to the use of the prior felony convictions at the sentencing hearing[.]" *Id*. at 51.

>(1984). The order of the trial court dated February 22, 1985 which denied the relief requested in the appellant's petition is in all respects proper. Therefore, our judgment of December 11, 1984, which reversed the earlier order by the trial court, is due to be set aside and a judgment entered affirming the denial of the appellant's petition.

*Hines v. State*, 489 So.2d 9 (Ala.Crim.App. 1986).

Hines filed a petition seeking federal habeas corpus relief, pursuant to 28 U.S.C. § 2254, in this Court on or about April 10, 1986, collaterally attacking his conviction and sentence. (*Compare* Doc. 5, at 56 *with* Doc. 12, Exhibit 7.) As reflected in the instant petition, in petitioner's previous federal habeas attack this Court specifically rejected his claim that his trial attorney provided ineffective assistance of counsel in failing to object to the State's lack of notice of its intent to treat him as a habitual offender or to object to the State's failure to meet its burden of proof under Ala.R.Crim.P. 26.6(b)(3). (*See* Doc. 5, at 10.) The basis for this Court's rejection of these allegations of ineffective assistance of trial counsel was the fact that Hines' admission of his prior convictions during his trial testimony waived the notice requirement under Rule 26.6(b)(3). (*See id.*) This Court ultimately closed its file on December 5, 1998. (*See* Doc. 12, Exhibit 7.)

Hines filed his first Rule 32 petition in the Circuit Court of Mobile County, Alabama on May 9, 2003, alleging his sentence exceeded the maximum authorized by law since the trial court lacked jurisdiction to impose a 30-year sentence based on a conviction of a Class C felony where the state did not invoke the provisions of the HFOA prior to trial, after conviction, or before sentencing and, further, that due process and the interests of justice required a redetermination of his ineffective assistance of

3

counsel claim. (*See* Doc. 5, Exhibit B, MEMORANDUM, at 2.) Without requiring an answer from the State, the trial court summarily dismissed Hines' petition on May 21, 2003. (*See id.*) The Alabama Court of Criminal Appeals affirmed the trial court's summary dismissal by unpublished memorandum opinion issued on September 19, 2003. *Hines v. State*, 886 So.2d 190 (Ala.Crim.App. 2003) (table).

> Hines's claims fail. First, Hines's claim that the trial court erred in not conducting an evidentiary hearing is without merit. Rule 32.7(d) does not require a statement of the reasons for the trial court's summary dismissal of a petition. Fincher v. State, 724 So.2d 87, 89 (Ala.Crim.App. 1998). Hines's next claim also fails. As acknowledged in his petition, Hines took the stand at trial and admitted his prior felonies. As a result, the State did not have to prove his prior convictions for sentence-enhancement purposes. Thus, there is no merit to this claim. Additionally, this claim is precluded from appellate review, as it could have been raised at trial or on appeal but was not. Rules 32.2(a)(3) and (5), Ala.R.Crim.P.; Franks v. State, 819 So.2d 106, 108 (Ala.Crim.App. 2001). Moreover, this claim is non-jurisdictional in nature and is thus precluded [by] the statute of limitations found in Rule 32.2(c), Ala.R.Crim.P.[] Kaska v. State, 709 So.2d 500, 501 (Ala.Crim.App. 1997). Lastly, Hines's claim regarding ineffective assistance of counsel is also precluded from appellate review, as it, too, falls outside the statute of limitations period provided in Rule 32.2(c), Ala.R.Crim.P.[] See Kaska v. State, 709 So.2d 500, 501 (Ala.Crim.App. 1997).

(Doc. 5, Exhibit B, at 2-3.) Petitioner's application for rehearing was denied on October 10, 2003, *Hines v. State*, 897 So.2d 1251 (Ala.Crim.App. 2003) (table), and his petition for writ of certiorari was denied on January 16, 2004, *Ex parte Hines,* 899 So.2d 317 (Ala. 2004) (table).

Thereafter, although not mentioned in the present habeas corpus petition (*see* Doc. 5, at 4-5), Hines filed his second Rule 32 petition in the Circuit Court of Mobile

County, Alabama on December 18, 2006. (Doc. 12, Exhibit 4.) The trial court granted the State's motion to dismiss the Rule 32 petition by order dated March 6, 2007, and there is nothing to indicate that Hines appealed the denial of this dismissal to Alabama's appellate courts. (*See id.*)

Hines filed his third Rule 32 petition in the Mobile County Circuit Court on March 9, 2010. (*See* Doc. 12, Exhibit 5, MEMORANDUM, at 1.) The trial court summarily denied the petition and Hines appealed. (*Id.*) The Alabama Court of Criminal Appeals affirmed the circuit court's judgment by unpublished memorandum decision entered on August 13, 2010. (*Id.* at 2.)

> The appellant argues that the trial court did not have jurisdiction to impose a sentence in his case and that his sentence exceeds the maximum allowed by law. Specifically, he appears to contend that he was not sentenced as a habitual offender because neither the trial court nor the State invoked the Habitual Felony Offender Act prior to trial, during the trial, or at sentencing. However, the appellant raised a similar claim in a previous Rule 32 petition, and the circuit court denied the petition. On appeal from that denial, we noted that the appellant's claim regarding sentencing was not meritorious because he took the stand at trial and admitted his prior felony convictions. Thus, the circuit court properly found that the appellant's claim is barred as successive. Also, because the appellant's claim was precluded, the circuit court properly summarily denied his petition.

(*Id.* at 1-2 (internal citations omitted).) It is clear that the Alabama Court of Criminal Appeals overruled Hines' application for rehearing, since the Alabama Supreme Court denied his petition of writ of certiorari, without written opinion, on October 8, 2010 (Doc. 12, Exhibit 6).

Soon thereafter, Hines filed an application in the Eleventh Circuit Court of Appeals seeking an order authorizing this Court "to consider a second or successive petition for a writ of habeas corpus." (Doc. 12, Exhibit 8, Application for Leave to File a Second or Successive Habeas Corpus Petition, 28 U.S.C. § 2244(b), at 1.) The Eleventh Circuit entered an opinion in January of 2011 denying Hines' application for leave to file a second or successive petition, therein specifically finding that he had "failed to make a *prima facie* showing of the existence of either of the grounds set forth in § 2244(b)(2)[.]" (*Id*. at 2.)

> First, Hines fails to cite to a single Supreme Court case that is retroactively applicable to cases on collateral review and that was previously unavailable. *See Tyler v. Cain,* 533 U.S. 656, 661-63, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001) (holding that a petitioner seeking leave to file a successive habeas petition based upon a new rule of law must establish that the Supreme Court has held the new rule is retroactively applicable to cases on collateral review). Additionally, all four of Hines's claims attack the application of the Habitual Offender Act enhancement and his overall sentence. Because Hines does not suggest that the alleged new evidence would have altered the jury finding on his guilt of the underlying offense, he is not eligible for relief under the second exception. *In re Diaz,* 471 F.3d 1262, 1264 (11th Cir. 2006). Therefore, Hines has failed to state a claim that satisfies the requirements for filing a second or successive § 2254 petition under 28 U.S.C. § 2244(b).

(*Id*.)

Undaunted, and specifically ignoring the Eleventh Circuit's decision denying his application to file a second or successive petition in this Court, Hines did just that; initially, the petitioner filed on an improper form on November 15, 2011 (Doc. 1) and, on January 4, 2012, he filed his petition on this Court's form (Doc. 5). The claims

petitioner seeks to raise in the instant petition appear to be both similar and different from those raised in his first federal habeas petition (*compare* Doc. 5, at 10-55 *with* Doc. 13, at 13-14 ("[T]he Respondent states on page (5) of its answer that Petitioner Habeas Corpus should be dismissed under 28 U.S.C. 2244(b)(3)(A) because it is a 'successive' petition requiring authorization and until given this Court is without jurisdiction to hear petitioner's claims[,] . . . which position would be correct if petitioner['s] current claims was identical as those raised in his prior petition. They are not.")), but, undoubtedly are similar to those raised in the Eleventh Circuit and about which the appellate court denied Hines' application for leave to file a second or successive petition.

## CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175

(11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections*, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil*, 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

The instant § 2254 petition, filed on the appropriate form on January 4, 2012, is clearly a second or successive petition, and while Hines filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this second/successive petition (*see* Doc. 12, Exhibit 8), he failed to obtain specific authorization from that court to file another habeas corpus petition, *see, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."), thereby depriving this Court of jurisdiction to consider his request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). That this Court is without jurisdiction to consider the instant petition is now resolute given the Eleventh Circuit's January, 2011 panel decision

denying Hines' application for leave to file a second or successive petition. (Doc. 12, Exhibit 8.) Accordingly, this cause is due to be dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Bell v. Secretary Department of Corrections,* 2011 WL 6968035, *2 (N.D. Fla. Sept. 23, 2011) (recognizing that a district court may dismiss a petition for lack of jurisdiction on the ground that it is an unauthorized second or successive petition), *report & recommendation adopted by* 2012 WL 71721 (N.D. Fla. Jan. 9, 2012); *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'"), *report & recommendation adopted by* 2010 WL 653691 (M.D. Ala. Feb. 17, 2010).[2]

---

  [2] The undersigned recommends that this Court dismiss with prejudice Hines' present federal habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than
(Continued)

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

---

transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther, supra*, 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under §  2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. §  2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary*, 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by §  2244(b)(3)(A)."), because his petition "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the instant petition is unquestionably a second or successive petition and the Eleventh Circuit has specifically denied Hines' application for leave to file a second or successive petition (Doc. 12, Exhibit 8), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition for want of jurisdiction or that Hines should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this

11

Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report & recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Thomas Curtis Hines' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed with prejudice because the instant petition is an unauthorized second or successive habeas corpus application under 28 U.S.C. § 2244(b)(3)(A). Hines is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 24th day of May, 2012.

          s/WILLIAM E. CASSADY
          **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.    *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3]    Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).