**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

THOMAS CURTIS HINES,                    :
AIS 118977,
                                        :
        Petitioner,
                                        :
vs.                                              CA 11-0648-WS-C
                                        :
CYNTHIA WHITE,
                                        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This cause is back before the undersigned for issuance of a supplemental report and recommendation on petitioner's application for a certificate of appealability (Doc. 23), which Chief United States District Judge William H. Steele has construed as a motion to reconsider, as contemplated by Rule 11(a) (*see* Doc. 28, at 1 & 4). This report and recommendation is limited to determining "whether reasonable jurists would find it debatable whether the petitioner's **first ground** states a valid claim of the denial of a constitutional right." (Doc. 28, at 4 (emphasis supplied).)[1] In structuring the supplemental report and recommendation, the undersigned is ever mindful of the framework set forth in the Court's order dated August 21, 2012 (*see id.* at 3-4), more specifically:

> On the present record, the Court must conclude that reasonable jurists would find it debatable whether the petitioner's first ground for

---

[1] As made clear by Judge Steele: "As to all other grounds, the Court concludes that reasonable jurists could not find it debatable that they were properly subject to summary dismissal as claims in a second or successive petition as to which appellate pre-authorization was required and not obtained. No COA will issue as to those claims, and as to them the motion to reconsider is **denied**." (Doc. 28, at 4 n.2 (emphasis in original).)

relief constitutes, or should be construed as, a request for relief under Rule 60(d), immune from the procedural requirement of appellate pre-authorization and not subject to summary dismissal as a second or successive petition.

> To obtain a COA, however, the petitioner must also show that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. The parties and the Magistrate Judge have not addressed the requirements for fraud on the court and whether they have been, or reasonably could be construed as having been, met in this case. Nor have they addressed whether, assuming any such fraud in the federal court occurred, there was (or could reasonably be considered to have been) an underlying constitutional violation in connection with the use of the petitioner's prior conviction[s] to sentence him as a habitual offender.

(*Id.*) In order for the undersigned to properly consider Hines' motion to reconsider the denial of a COA, as it relates to petitioner's first ground (*see* Doc. 23, at 5-13),[2] it is

---

[2] Hines' motion for reconsideration, as it relates to the first ground, reads, in relevant part, as follows:

> Petitioner['s] underlying habeas corpus claim was "violation of his 6th Amendment right to effective assistance of counsel when trial counsel errored (sic) in failing to object to the State['s] lack of notice of its intent to treat Petitioner as a habitual offender. Respondent['s] position was [] because Petitioner admitted prior conviction[s] during trial for impeachment purposes, the admission waived the State['s] notice requirement and burden of proof under Rule 26.6(B)(3) I.II.III. Ala.R.Crim.P.

> In the underlying habeas corpus proceeding Petitioner['s] position was his admission was not a [] judicial admission given for the sole purpose of waiving the State['s] notice requirement or burden of proof, and in support of his position, Petitioner cited case law extensively from C.J.S. criminal law section dealing with admission of prior convictions for impeachment purposes.

> The District Court adopted the Respondent['s] position to deny habeas corpus relief ruling that, [] under Alabama law, a Defendant['s] admission of prior convictions during trial waive[s] the State['s] notice requirement and burden of proof under Rule 26 . . . [and,] therefore, defense counsel was not ineffective in failing to object to the State['s] lack of notice (see Mag.[] Recom. p.3) [T]hus[,] Petitioner['s] underlying habeas corpus stated a valid claim of a violation of a constitutional right, but in this case was erroneously rejected by the District Court because of a fraud on this Court caused by the Respondent causing the District Court to commit "plain error" in its ruling, which fraud is the subject of Petitioner['s] Rule 60(B) claim in his habeas corpus.

.         .         .

In his Rule 60(B) claim, Petitioner moved the District Court to set aside its prior habeas corpus judgment because of the Respondent['s] deliberate concealment from Petitioner and the Court, the [Alabama] Court of Criminal Appeals decision in <u>Webb v. State</u>, 539 So.2d 352 (Ala.[Crim.App.] 1987).

.         .         .

In his Rule 60(B) claim, Petitioner pointed out how in 1986 after the Alabama Court of Criminal Appeals rejected his judicial admission claim, the identical claim as raised by Petitioner in federal court, based on the identical factual predicate as the District Court was considering in Petitioner['s] habeas corpus, was again raised in the Alabama Court of Criminal Appeals.

.         .         .

Petitioner also pointed out in his Rule 60(B) claim how, prior to the District Court ruling on Petitioner['s] judicial admission claim in his pending habeas corpus, on April 17, 1987 the Respondent received a[n] advance[d] copy of the Court of Criminal Appeals opinion in <u>Webb</u>[, and] how in <u>Webb</u> the Court of Criminal Appeals ruled [] [i]n the absence of prior notice, a Defendant['s] admission of prior convictions during trial for impeachment purposes <u>does not</u> waive the State['s] notice requirement or burden of proof, that the <u>admission was not a judicial admission</u> given for the sole purpose of waiving the State['s] notice requirement or burden of proof under Rule 26, reversing Webb['s] sentence under the Habitual Offender Act and ordering resentencing without application of its provisions.

Petitioner pointed out in his 60(B) claim how the Respondents, fully aware of the <u>Webb</u> decision in April 1987, never informed Petitioner or the District [Court] that the Alabama Court of Criminal Appeals in <u>Webb</u> had adopted verbatim Petitioner['s] legal argument that was before the District Court, instead, the Respondent concealed the <u>Webb</u> decision from both Petitioner and the District Court, allowing the District Court to commit "plain error" in denying habeas corpus relief in its ruling that [] under Alabama law, a Defendant['s] admission of prior conviction[s] during trial waive[s] the State['s] notice requirement and burden of proof[,] when the law at the time of the district court['s] denial of habeas relief was such admission <u>does not</u> waive the State['s] notice requirement or burden of proof.

.         .         .

Jurist[s] of reason analyzing the factual predicate of Petitioner['s] Rule 60(B) claim, would have found that . . . Petitioner['s] Rule 60(B) claim does not challenge the validity of his state court conviction, only the integrity of the District Court['s] prior judgment and the method by which the prior judgment was obtained by the Respondent[s], by their fraud on the Court in concealing the <u>Webb</u> decision, giving them a legal advantage they wasn't entitled to under Webb, which affected the integrity of the District Court decision causing it to

necessary for the undersigned to provide a proper historical context to this ground and, to this end, the undersigned ordered from the Federal Records Centers of the National Archives and Records Administration the complete file of petitioner's initial habeas corpus attack on his conviction and sentence filed on April 10, 1986, *Hines v. Johnson*, 86-0357-BH-S.[3] Therefore, while some of the facts utilized herein will be the same as those contained in the previous report and recommendation entered in this case on May 24, 2012 (Doc. 15), the undersigned will also liberally intersperse facts gleaned from *Hines v. Johnson, supra*.

### BACKGROUND

On December 5, 1983, Hines was convicted of possession of burglar's tools in the Circuit Court of Mobile County, Alabama and was sentenced to a 30-year term of imprisonment pursuant to Alabama's Habitual Felony Offender Act, Ala.Code § 13A-5-9(b)(1). (*Compare* Doc. 5, at 2 *with* Doc. 12, Exhibit 5, at 1.)[4] During petitioner's trial, and

_____

commit "plain error" in denying habeas relief, the District Court would not have knowingly committed if it was made aware of the decision in Webb on the identical issue it was deciding.

(*Id.* at 5-6, 7, 8, 8-9 & 10.)

[3]     This file reflects that the initial magistrate judge assigned to the case was Patrick H. Sims, *see Hines v. Johnson,* 86-0357-BH-S, at Docs. 1 & 4; however, by the time the report and recommendation was entered, Magistrate Judge Milling was the assigned magistrate judge, *see Hines v. Johnson,* 86-0357-BH-M, Doc. 33. Because two magistrate judges were involved with the proceedings in this case, hereinafter the undersigned will simply refer to the case number 86-0357-BH.

[4]     Section 13A-5-9(b)(1) of Alabama's Criminal Code provides that "[i]n all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he or she must be punished as follows: (1) On conviction of a Class C felony, he or she must be punished for a Class A felony[.]" *Id*. Possession of burglar's tools is a Class C felony, *see* Ala.Code § 13A-7-8(b); therefore, where an individual has been previously convicted of any two felonies and thereafter commits a Class C felony, he must be punished for a Class A felony, *see* Ala. Code § 13A-5-9(b)(1), as follows: "For a Class A felony, for life or not more than 99 years or less than 10 years." Ala.Code § 13A-5-6(a)(1).

as it specifically relates to Hines' first ground, Hines mentioned during his direct examination that he told the man who employed him to perform masonry work, Clay Bryant, that he was "recently out of the penitentiary," *see Hines v. Johnson*, CA 86-0357-BH, Doc. 10, Exhibit A Number 1 to Answer, Trial Transcript, at 49; on cross-examination admitted that he was convicted, by guilty pleas, of burglary in the second degree in Mobile County on July 19, 1977 and receiving stolen in the first degree in Mobile County on July 29, 1981, *id*. at 62-63; and reiterated on re-direct examination that he pled guilty to those "prior convictions[.]" *Id*. at 67 ("Q Thomas, on the prior convictions that they have on you, did you plead guilty to all those? A Yes, sir.").) Hines' conviction and sentence were affirmed by the Alabama Court of Criminal Appeals in an unpublished memorandum opinion issued on April 10, 1984. *Hines v. State*, 453 So.2d 7 (Ala.Crim.App. 1984) (table). That court ultimately issued a certificate of final judgment of affirmance on May 1, 1984. (*See* Doc. 12, Exhibit 1, at 2.).

Hines filed a petition for writ of error coram nobis in the Circuit Court of Mobile County on May 7, 1984. (*See id.,* at 3.) Therein, petitioner alleged that he was denied the effective assistance of counsel and, as well, that he was denied his constitutional right to a speedy trial. *Hines v. State*, 461 So.2d 50 (Ala.Crim.App. 1984). The trial court dismissed Hines' writ without an evidentiary hearing. *Id*. The Alabama Court of Criminal Appeals found no error with the trial court's summary dismissal of petitioner's speedy trial claim but found his allegations of ineffective assistance of trial and appellate counsel sufficient to warrant an evidentiary hearing; therefore, the cause was remanded to the trial court for such a hearing. *Id*.[5]

---

[5]   As noted in the dissent, one of petitioner's claims of ineffective assistance of trial counsel was that his attorney "did not object to the use of the prior felony convictions at the

During the error coram nobis hearing, on February 14, 1985, Hines' arguments regarding his trial counsel's ineffective assistance at sentencing consisted of the following:

> Counsel was again ineffective when he failed to object to the sentence imposed by the Court. At the close of the evidence when the jury returned its verdict of guilty His Honor asked me did I have anything to say before sentencing. I again brought to His Honor['s] attention the fact that I had been . . . denied my right to a speedy trial. Me and His Honor made one or two statements then  His Honor said that I'm not going to argue with you, I sentence you to thirty years in the State Penitentiary.

> To begin with, the indictment didn't allege that I was a Habitual Offender. . . .

> THE COURT:      But you are, aren't you? I mean, don't you have three previous felony convictions before this one, four?

> MR. HINES: Your Honor, that's not the issue. The issue is not whether I am a Habitual Offender. It was whether at the time I stated that I had prior felony conviction[s], could those prior felony convictions be used to enhance my punishment by giving me, first, notice that I be treated as a Habitual Offender[,] and then second, without giving me a right to be heard on that particular issue.

> THE COURT:      I thought the Statute makes it mandatory.

> MR. HINES: Notice still is required, Your Honor . . . and then I have a right to be heard. Right here, Alabama Rules of Criminal Procedure, temporary rules, Rule 6-3-2: "At a reasonable time prior to the hearing the defendant shall be given notice of the prior convictions or conviction upon which the State intend to proceed." . . . It was never alleged that I was a Habitual Offender. And at the time I admitted having prior felony conviction[s] . . . that statement could only be used for impeachment purposes.

> .      .      .

> At the time I admitted having prior felony conviction[s], those priors could only be used for impeachment purposes. The indictment didn't allege that I was a Habitual Offender. After the jury found me guilty, [neither] the prosecution, the Court or my attorney moved that I be

sentencing hearing[.]" *Id*. at 51.

[treated] as a Habitual Offender even though the State of Alabama, particularly Mobile County, has a policy of giving a written or oral notice of the State['s] intent to proceed against the defendant as a Habitual Offender. What I have here is a motion filed in Mobile County[] . . . for Habitual Offender Status . . . [in] [t]he case [of] . . . State of Alabama versus James Edward Broaden . . . .

.     .     .

The Appellate Court [has] stated: "There is no requirement that defendant be notified prior to conviction of [the] State['s] intent to proceed against the defendant as a Habitual Offender. What is required is reasonable notice prior to sentencing." No notice was given me. The records don't show, no where in this transcript does it show that oral notice or written notice was given that I should be treated as a Habitual Offender. And at the time that I was found guilty by the jury, the maximum punishment I could receive for a Class C felony was from one to ten years. In order to enhance that punishment it had to be alleged by somebody that I was a Habitual Offender. I had to be given notice of the State['s] intent to proceed against me as a Habitual Offender. And I was supposed to [have] been given the opportunity to be heard.

*Hines v. Johnson,* CA 86-0357-BH, Doc. 10, Exhibit B Number 3, Error Coram Nobis

Hearing, at  31-33, 34 & 35-36. Hines' trial attorney, Glenn Davidson, Esquire, also

testified during the error coram nobis hearing. *See id.* at 45-52.

Q    Mr. Davidson, you say . . . in bringing to the jury's attention that I had prior criminal records is because you had anticipated that I would take the witness stand[,] is that correct?

A    Yes. And I think you know that too.

Q    Then why compound the prejudicial effect of that by again in your second comment bringing to the jury's attention that fact that I had participated in past criminal activity?

A    Well because it was my strategy and my thoughts that if the jury knew well enough in advance that you had . . . a prior conviction record that the prejudicial impact would be eased whereas if you took the stand and you were testifying that you never had done this, you didn't know, you know, you weren't out there to break into this man's car[,] and then on cross examination they come out and say well you've been convicted of burglary and receiving stolen property. It was my opinion that that would have been more prejudicial for the jury to hear that the first time on cross examination.

Q       Then . . . at all times during the trial, even if I took the witness stand, your strategy was to alleviate the prejudicial effect of the prosecution bringing out at trial the felony convictions; that was your strategy?

A       That's a fair statement of it.

Q       Then why when I took the stand you didn't bring out the fact again that I had a prior criminal record?

A       Well, I did, Thomas.

Q       No. If you look at the records on direct examination when I was on the witness stand, you did not bring up the fact that I had a prior criminal record. You never asked me about my prior criminal record when I was on the witness stand on direct examination.

A       Yes, you're right on that.

.       .       .

Q       Mr. Davidson, why then after the prosecution had brought the fact out that I had a criminal record and introduced the certified copies; why wouldn't you let this diminish from the jury's mind? Why would you turn around on recross (sic) examination and compound the prejudicial effect of the statement again by bringing it right back to the jury's attention again following the prosecution?

A       Okay. All right. I read the transcript last night and on redirect I got into the fact that you plead (sic) guilty to those priors. And I was trying to bring to the jury's attention that you had plead (sic) guilty to those prior charges whereas you were pleading not guilty to this. And I was going to ask you if you plead (sic) guilty to those prior ones because you were guilty, and there was an objection made because I was getting past the fact that you had been convicted and the objection was sustained.

*Id*. at 47-48 & 48-49. In addition to this testimony, petitioner's trial counsel unequivocally testified that both he and Hines had notice before trial of all prior felony convictions, whether such notice was affirmatively reflected in the record or not. *Id*. at 51. The trial court entered an order on February 22, 1985, denying Hines' error coram nobis petition and finding same to be without merit. *Hines v. Johnson*, 86-0357-BH, Doc.

10, Exhibit B Number 3, ORDER. On return from remand, the Alabama Court of Criminal Appeals affirmed the trial court's denial of Hines' error coram nobis petition. *Hines v. State*, 489 So.2d 9 (Ala.Crim.App. 1986).

> After a thorough review of the transcript of the evidentiary hearing, it is apparent to us that the appellant failed to prove that he was denied effective assistance of counsel under the guidelines set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The order of the trial court dated February 22, 1985 which denied the relief requested in the appellant's petition is in all respects proper. Therefore, our judgment of December 11, 1984, which reversed the earlier order by the trial court, is due to be set aside and a judgment entered affirming the denial of the appellant's petition.

*Id.*

Hines filed a complaint seeking federal habeas corpus relief, pursuant to 28 U.S.C. § 2254, in this Court on April 10, 1986, collaterally attacking his conviction and sentence. *Hines v. Johnson,* CA 86-0357-BH, Doc. 1. In this federal petition/complaint, Hines, in conclusory fashion, listed some twelve (12) instances of alleged ineffective assistance of trial counsel, including the following: "(9) COUNSEL WAS INEFFECTIVE WHEN HE FAIL[ED] TO OBJECT TO THE SENTENCING PHASE OF PETITIONER['S] TRIAL[,]" *id.* at 6, but he cited no supporting case law in his complaint, *see* Doc. 1, at 1-8. Back in 1986, a prisoner attacking his conviction and sentence actually filed a pleading denominated "HABEAS CORPUS COMPLAINT CHALLENGING STATE CONVICTION," *see id.,* and, therefore, not surprisingly, the State of Alabama would answer the complaint, *compare id.* at Doc. 5 *with* Doc. 10, ANSWER. The respondent's answer to Hines' first federal petition was a generic four-page document which briefly described the procedural history relating to petitioner's direct appeal and error coram nobis proceedings, *see id.,* Doc. 10, at 1-2; noted the general grounds raised in the petition (i.e., ineffective assistance of trial counsel, ineffective assistance of counsel on

appeal, and the denial of a true and correct copy of the trial transcript), *id.* at 2; and, finally, focused the Court's attention to the standard for judging an attorney's performance set forth some two years earlier by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), briefly arguing that Hines had failed to establish any errors by counsel "much less that counsel made errors so serious that 'counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Id.* at 3 (citation omitted). While the respondent did amend its answer on June 12, 1986 to address an order entered by Magistrate Judge Patrick Sims related to Hines' contentions that his trial attorney failed to object to alleged prejudicial comments made by the prosecution during closing arguments, *compare id.* at Doc. 17 *with* id. at Doc. 11, and ultimately expanded the record to provide the Court with a transcribed copy of those closing arguments, *compare* id. at Doc. 25 *with* Docs. 26 & 19, the respondent was not ordered by the Court to further expound upon the arguments contained in his answer, as amended, *see, e.g.,* id. at Docs. 26-38. And while petitioner was directed to identify from the closing arguments transcript those "arguments with respect to which counsel was allegedly ineffective by failing to object[,]" *see id.* at Doc. 26, Hines did not confine himself to the closing arguments but, instead, seized the opportunity to expound upon *all* claims raised in his habeas corpus complaint in his "DEMAND FOR JUDGMENT," filed September 29, 1986. *See id.* at Doc. 27. In this document, Hines too recognized the applicability of *Strickland v. Washington, supra, see id.,* MEMORANDUM BRIEF, at 1, and cited only to federal cases in discussing his contention that trial counsel provided ineffective assistance at his sentencing, *see id.* at 11.

[P]etitioner contends that counsel['s] eight[th] error (para-9-2254) involves counsel['] failure to object to the sentencing phase of petitioner['s] trial.

[A]fter a jury verdict of guilt, the trial court proceeded to sentence petitioner to 30 years in the state penitentiary for a conviction of a class c felony . . ., the based (sic) of the sentence was not stated by the court or shown from the records so petitioner will assume that the trial court sentence was based on either counsel['] assertion of prior convictions, . . . or petitioner['s] admission of prior convictions . . . .

[P]etitioner submit[s] that if the trial court based his enhanced sentence on counsel['s] assertion of prior conviction[s], then counsel was required to object because the court failed to determine whether petitioner agreed with counsel['s] assertion. <u>Cox v. Hutto</u>, 598 F.2d 394[.] [F]urther[,] if the sentence was based on petitioner['s] admission of prior conviction[s,] then counsel was again required to object because petitioner was never informed of the consequences of his admission. <u>Wright v. Craven</u>, 461 F.2d 1109 (1972).

[P]etitioner submit[s] that he was not aware that counsel would assert he had prior conviction[s] before the jury, and even though counsel stated that he knew [I] would take the stand as the reason for asserting those prior conviction[s], . . . this fact does not relieve the trial court of its duty to determine if petitioner agreed with counsel['s] assertion as required in <u>Cox</u>, supra. [F]urther, specific facts can show petitioner had []no[] knowledge that counsel would assert his prior convictions. [F]irst[,] if petitioner had known counsel would assert his prior conviction[s] and agreed with his assert[ion], counsel['s] trial strategies would also have been known, petitioner would have known what would be done to protect his rights, and both petitioner and counsel would have informed the court that petitioner agreed with counsel waiving the rights involved.

[A]n examination of counsel['s] action[s] clearly show that counsel acted without petitioner['s] consent. [F]irst[,] counsel didn't qualify his assertion of prior convictions, and if petitioner had known in advance the assertion would be made, clearly petitioner himself would have brought this to the court['s] attention. [S]econdly[,] had petitioner known that counsel would assert prior convictions he would have also known that the prosecution would use same to impeach and that counsel would thereafter request [a] limiting instruction to confine the issue to credibility. [T]he records show no limiting instruction was sought making it obvious that had petitioner known what counsel would do but didn't do, it would have been brought to the trial court['s] attention. [F]urther, if petitioner had known then common sense would suggest that counsel told him that prior conviction[s] would be discussed as little as possible. [I]f this court will examine counsel['s] redirect-examination, [] counsel himself went

11

back into the subject of prior convictions knowing the same was improper.

[P]etitioner['s] admission of prior convictions was based purely on ignorance[] because he was never informed of the consequences of making such a statement knowing full well that the sentence would possibly be life in prison[]. [T]he records conclusively show that no mention whatsoever was made to his being sentence[d] as a habitual offender, in fact the trial court sentence[d] him to 30 years, but not to thirty years as a habitual offender.

[P]etitioner submit[s] that counsel errored (sic) in failing to object to the sentence imposed by the trial court  because if the court based its sentence on counsel['s] admission it violated petitioner['s] rights to due process because it was never shown that petitioner agreed with counsel['s] assertion[,] <u>Cox</u>, supra, or if the court sentence was based on petitioner['s] admission of prior conviction[s] then counsel was still required to object because the records fail to show that petitioner was ever informed of the consequences of his admission. <u>Wright</u>, supra.

[P]etitioner contends that he was prejudiced by counsel['s] error in that absence (sic) the admission used by the trial court, petitioner['s] sentence would have ranged from (1) to (10) years in the state penitentiary. [T]his is based on the fact that the trial court never received into evidence certified copies of petitioner['s] prior convictions, and even though the prosecution asked to allow petitioner['s] priors, the court never admitted them as show[n] from the records.[] [F]urther[,] even if it['s] determine[d] the petitioner['s] priors was (sic) properly before the court they was (sic) still inadmissible because they fail to meet the requirements of 12-21-67, Code of Ala. 1975, in that each of petitioner['s] prior convictions fail to state that each is a true and complete copy of the records or bear the seal of the circuit, district or municipal court as required by statute.

As a result of counsel['s] error and the actual prejudice suffered therefrom, petitioner was denied his 6th Amendment right to the effective assistance of counsel at sentenc[ing].

*Id.* at 11-13. This was the entirety of petitioner's argument related to trial counsel's

performance at sentencing, *see id.,*[6] and it was rejected by Magistrate Judge Milling, in

the manner he construed the claim, in his report and recommendation entered on

---

[6]      This argument, of course, bears little, if any, similarity to the argument made by Hines during the error coram nobis hearing on February 14, 1985. *Compare id. with id.* at Doc. 10, Exhibit B Number 3, Tr. 31-33, 34 & 35.

October 31, 1988, *see id.*, Doc. 33, at 12.

Petitioner claims that trial counsel was ineffective in failing to object to the sentencing phase of Petitioner's trial. Petitioner's claim revolves around his assertion that his prior convictions were used to enhance his sentence and that if he had known they would be used in that manner, he would not have admitted to them.

Whether Petitioner had admitted to the prior convictions or not, they were a matter of record and would have been used by the judge in determining a sentence. See Ala.Code § 13A-5-9 (1975). Petitioner admitted to two prior convictions of felonies, though the record established that there were three. [] Alabama law provides that

In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:

(1)  On conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years.

Ala. Code § 13A-5-9(c) (1975). Possession of burglar's tools is a Class C felony. Ala. Code § 13A-7-8(b) (1975). Petitioner's sentence was for thirty years. As Petitioner's sentence comports with Alabama law, he cannot be said to have raised a meritorious claim: his trial attorney had nothing to which to object.

*Id*. at 12.[7]

As reflected above, Hines now is attempting to revise history in suggesting that

---

[7]     The report and recommendation was issued more than two (2) years after the filing of petitioner's "Demand For Judgment." *Compare id.*, Doc. 33 *with id.*, Doc. 27. Indeed, Hines spent the end of 1986 and much of 1987 trying to procure an opinion from this Court. *See id.*, Docs. 28-30. Hines filed two petitions for writ of mandamus, and in each the petitioner conceded that the issues he had raised could be decided without the need for an evidentiary hearing. *Compare* Doc. 28, at 1 ("ON THE 25th OF APRIL[,] 1986, AN ORDER TO SHOW CAUSE WAS ISSUED, WITH THE RESPONDENT FILING AN ANSWER THERETO ON MAY[] 27[,] 1986. IN THE RESPONDENT['S] RESPONSE NO EVIDENTIARY HEARING WAS REQUESTED, AND PETITIONER CONSENTED THERETO BY NOT REQUESTING SAME.") *with* Doc. 29, at 2 ("[B]ecause the district court had already determine[d] that the state court records was (sic) adequate to determine petitioner['s] claims, on [O]ct[.] 30[,] 1986, petitioner filed a writ of mandamus in the district court to compel the magistrate to exercise his function authorized by the district court under 28 U.S.C. 636(A)(B), which petition is presently pending in the district court.").

this Court specifically addressed trial counsel's performance at sentencing by finding that his admission of prior felony convictions constituted a waiver of the notice requirements contained in Ala.R.Crim.P. 26.6(b)(3) (*see* Doc. 5, at 10), inasmuch as it is clear that petitioner did not raise the issue in this manner to this Court in 1986, *compare id. with Hines v. Johnson,* CA 86-0357-BH, Doc. 27, at 11-13. More interestingly, in his November 18, 1988 objections to the report and recommendation of the Magistrate Judge, petitioner makes no mention of his claim that trial counsel provided ineffective assistance at sentencing. *See id.,* Doc. 36. On December 5, 1988, United States District Judge W.B. Hand adopted the recommendation of the magistrate judge over the objections the petitioner did assert. *See id.,* Docs. 37 & 38. Although petitioner attempted to appeal, *see id.* at Dos. 39-41, the Eleventh Circuit, on March 29, 1989, denied his application for a certificate of probable cause as well as his motion to appeal *in forma pauperis.*

Hines filed his first Rule 32 petition in the Circuit Court of Mobile County, Alabama on May 9, 2003,[8] alleging his sentence exceeded the maximum authorized by law since the trial court lacked jurisdiction to impose a 30-year sentence based on a conviction of a Class C felony where the state did not invoke the provisions of the HFOA prior to trial, after conviction, or before sentencing and, further, that due process and the interests of justice required a redetermination of his ineffective assistance of counsel claim. (*See* Doc. 5, Exhibit B, MEMORANDUM, at 2.) Without requiring an

---

[8]     Hines apparently did nothing to attack his conviction and sentence from March of 1989 until May 9, 2003. Perhaps this was because petitioner was paroled and had no interest in attacking same until he was picked up as a result of a traffic stop and alleged parole violation on December 6, 2001. *See Hines v. Commissioner, Department of Corrections,* CA 02-0574-CB-C, Doc. 1, at 11.

answer from the State, the trial court summarily dismissed Hines' petition on May 21, 2003. (*See id.*) The Alabama Court of Criminal Appeals affirmed the trial court's summary dismissal by unpublished memorandum opinion issued on September 19, 2003. *Hines v. State*, 886 So.2d 190 (Ala.Crim.App. 2003) (table).

> Hines's claims fail. First, Hines's claim that the trial court erred in not conducting an evidentiary hearing is without merit. Rule 32.7(d) does not require a statement of the reasons for the trial court's summary dismissal of a petition. <u>Fincher v. State</u>, 724 So.2d 87, 89 (Ala.Crim.App. 1998). Hines's next claim also fails. As acknowledged in his petition, Hines took the stand at trial and admitted his prior felonies. As a result, the State did not have to prove his prior convictions for sentence-enhancement purposes. Thus, there is no merit to this claim. Additionally, this claim is precluded from appellate review, as it could have been raised at trial or on appeal but was not. Rules 32.2(a)(3) and (5), Ala.R.Crim.P.; <u>Franks v. State</u>, 819 So.2d 106, 108 (Ala.Crim.App. 2001). Moreover, this claim is non-jurisdictional in nature and is thus precluded [by] the statute of limitations found in Rule 32.2(c), Ala.R.Crim.P.[] <u>Kaska v. State</u>, 709 So.2d 500, 501 (Ala.Crim.App. 1997). Lastly, Hines's claim regarding ineffective assistance of counsel is also precluded from appellate review, as it, too, falls outside the statute of limitations period provided in Rule 32.2(c), Ala.R.Crim.P.[] <u>See</u> <u>Kaska v. State</u>, 709 So.2d 500, 501 (Ala.Crim.App. 1997).

(Doc. 5, Exhibit B, at 2-3.) Petitioner's application for rehearing was denied on October 10, 2003, *Hines v. State*, 897 So.2d 1251 (Ala.Crim.App. 2003) (table), and his petition for writ of certiorari was denied on January 16, 2004, *Ex parte Hines,* 899 So.2d 317 (Ala. 2004) (table).

Although not mentioned in any pleading filed in this case (*see* Doc. 5, at 4-5), Hines filed his second Rule 32 petition in the Circuit Court of Mobile County, Alabama on December 18, 2006. (Doc. 12, Exhibit 4.) The trial court granted the State's motion to dismiss the Rule 32 petition by order dated March 6, 2007, and there is nothing to indicate that Hines appealed the denial of this dismissal to Alabama's appellate courts. (*See id.*)

Hines filed his third Rule 32 petition in the Mobile County Circuit Court on March 9, 2010. (*See* Doc. 12, Exhibit 5, MEMORANDUM, at 1.) The trial court summarily denied the petition and Hines appealed. (*Id.*) The Alabama Court of Criminal Appeals affirmed the circuit court's judgment by unpublished memorandum decision entered on August 13, 2010. (*Id.* at 2.)

> The appellant argues that the trial court did not have jurisdiction to impose a sentence in his case and that his sentence exceeds the maximum allowed by law. Specifically, he appears to contend that he was not sentenced as a habitual offender because neither the trial court nor the State invoked the Habitual Felony Offender Act prior to trial, during the trial, or at sentencing. However, the appellant raised a similar claim in a previous Rule 32 petition, and the circuit court denied the petition. On appeal from that denial, we noted that the appellant's claim regarding sentencing was not meritorious because he took the stand at trial and admitted his prior felony convictions. Thus, the circuit court properly found that the appellant's claim is barred as successive. Also, because the appellant's claim was precluded, the circuit court properly summarily denied his petition.

(*Id.* at 1-2 (internal citations omitted).) It is clear that the Alabama Court of Criminal Appeals overruled Hines' application for rehearing, since the Alabama Supreme Court denied his petition of writ of certiorari, without written opinion, on October 8, 2010 (Doc. 12, Exhibit 6).

Soon thereafter, Hines filed an application in the Eleventh Circuit Court of Appeals seeking an order authorizing this Court "to consider a second or successive petition for a writ of habeas corpus." (Doc. 12, Exhibit 8, Application for Leave to File a Second or Successive Habeas Corpus Petition, 28 U.S.C. § 2244(b), at 1.) The Eleventh Circuit entered an opinion in January of 2011 denying Hines' application for leave to file a second or successive petition, therein specifically finding that he had "failed to make a *prima facie* showing of the existence of either of the grounds set forth in § 2244(b)(2)[.]" (*Id.* at 2.)

First, Hines fails to cite to a single Supreme Court case that is retroactively applicable to cases on collateral review and that was previously unavailable. *See Tyler v. Cain,* 533 U.S. 656, 661-63, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001) (holding that a petitioner seeking leave to file a successive habeas petition based upon a new rule of law must establish that the Supreme Court has held the new rule is retroactively applicable to cases on collateral review). Additionally, all four of Hines's claims attack the application of the Habitual Offender Act enhancement and his overall sentence. Because Hines does not suggest that the alleged new evidence would have altered the jury finding on his guilt of the underlying offense, he is not eligible for relief under the second exception. *In re Diaz,* 471 F.3d 1262, 1264 (11th Cir. 2006). Therefore, Hines has failed to state a claim that satisfies the requirements for filing a second or successive § 2254 petition under 28 U.S.C. § 2244(b).

(*Id.*)

As reflected in Chief United States District Judge Steele's order of August 21, 2012, the instant case "began as an 'independ[e]nt action and/or motion to set aside judgment' under Rule 60(b)(5) or (6)." (Doc. 28, at 2, citing Doc. 1,at 1 & 14-15.)

The filing challenged the adverse ruling in the petitioner's first habeas petition on the grounds that "the State of Alabama deliberately failed to inform this Court of a pending case in the Alabama Court of Criminal Appeals that was identical to the issue raise[d] by me on habeas corpus," the legal principle in which case ("*Webb*") would have required the grant of his petition.

The Magistrate Judge reviewed this filing and ordered the petitioner to file a superseding Section 2254 petition on the approved form. The petitioner objected that he was pursuing relief under Rule 60(b) and as an independent action, not as a Section 2254 petition, and that he "does not seek to raise new claims but seek[s] to reopen his original habeas corpus," but he eventually filed a petition on the standard form. The petition's first ground invokes Rule 60(b)(5) and (6) and addresses the same situation detailed in his original filing. The petition accuses the state of having "intentionally withheld from petitioner and this Court the fact that the case law in which this Court based its denial of habeas corpus relief had been reversed . . . ." The petition also raised other grounds.

The state's answer raised as its single argument that the petition was an unauthorized second or successive petition. The state did not address the petition's invocation of Rule 60(b). In his reply brief, the petitioner asserted that, "by concealing the Webb decision the state committed fraud on the court . . . ." The petitioner repeatedly described

17

the state's conduct as a fraud on the court and described such fraud as an exception to the rules governing second and successive petitions. The R&R recommended dismissal on the grounds advanced by the state, without addressing the 60(b), fraud-on-the-court aspect of the petition. The Court, in adopting the R&R as its opinion, likewise did not address this aspect.

Section 2244(b) severely restricts the bringing of "claims" in a second or successive petition. A motion under Rule 60(b) may or may not contain a claim for purposes of this rule. *Gonzalez v. Crosby,* 545 U.S. 524, 530-31 (2005).

> In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings. . . . Fraud on the federal habeas court is one example of such a defect.

*Id.* at 532 & n.5. By this language, "[t]he *Gonzalez* Court specifically identified fraud on the federal habeas court as an example of one such permissible Rule 60 claim." *Galatolo v. United States*, 394 Fed.Appx. 670, 672 (11th Cir. 2010); *accord Zakrewski v. McDonough*, 490 F.3d 1264, 1266-67 (11th Cir. 2007).

Assertions under Rule 60(b) of fraud on the court are properly brought under Rule 60(b)(3). *Day v. Benton*, 346 Fed.Appx. 476, 477-78 (11th Cir. 2009). The petitioner did not invoke subsection (3) but only subsections (5) and (6). However, a party may bring an "independent action," including one to "set aside a judgment for fraud on the court," Fed.R.Civ.P. 60(d), and "[a] court may consider a Rule 60(b) motion as an independent action for relief where the adverse party would not be prejudiced." *Id.* at 478. It is not clear whether the state would be prejudiced by construing the petitioner's present Rule 60(b) motion as one under Rule 60(d) but, since the petitioner did in fact institute this action as an "independent action" and eliminated that nomenclature based only on the Magistrate Judge's order to refile on a standard 2254 form, it is equally unclear whether any prejudice to the state would be sufficient grounds not to so construe his filing.

18

On the present record, the Court must conclude that reasonable jurists would find it debatable whether the petitioner's first ground for relief constitutes, or should be construed as, a request for relief under Rule 60(d), immune from the procedural requirement of appellate pre-authorization and not subject to summary dismissal as a second or successive petition.

To obtain a COA, however, the petitioner must also show that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. The parties and the Magistrate Judge have not addressed the requirements for fraud on the court and whether they have been, or reasonably could be construed as having been, met in this case. Nor have they addressed whether, assuming any such fraud on the federal court occurred, there was (or could reasonably be considered to have been) an underlying constitutional violation in connection with the use of the petitioner's prior conviction[s] to sentence him as a habitual offender. Therefore, the Court cannot determine whether reasonable jurists would find it debatable whether the petitioner's first ground states a valid claim of the denial of a constitutional right.

(*Id.* at 2-4 (internal citations to the file and footnotes omitted).)

In considering whether a COA should issue in this case, with respect to Hines' first ground for relief, the undersigned first addresses whether the requirements for fraud upon the court have been met in this case and, secondly, whether there was (or could reasonably be considered to have been) an underlying constitutional violation in connection with the use of the petitioner's prior convictions to sentence him as a habitual offender.

## CONCLUSIONS OF LAW

**A.    Fraud Upon the Court.**  As recognized by the Eleventh Circuit, "'[f]raud upon the court' under Rule 60(d) embraces only '. . . fraud which does or attempts to defile the court itself . . . so that the [judiciary] cannot [properly decide the] cases that are presented for adjudication, and relief should be denied in the absence of such conduct.'" *Day v. Benton,* 346 Fed.Appx. 476, 478, 2009 WL 3042043, *2 (11th Cir. Sept.

24, 2009), quoting *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985); *see also Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) ("Fraud upon the court embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetuated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." (internal quotation marks, elipses, and brackets omitted)).[9]

> Moreover, the essential elements of an independent Rule 60(d) action were recited in *Bankers Mortg. Co.* [*v. United States*, 423 F.2d 73 (5th Cir. 1970)] as follows: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud . . . which prevented the [movant] . . . from obtaining the benefit of his [position]; (4) the absence of fault or negligence on the part of [movant]; and (5) the absence of any adequate remedy at law.

*Day, supra,* 346 Fed.Appx. at 478, quoting *Bankers Mortgage Co.,* 423 F.2d at 79. As it relates to this third element, the Eleventh Circuit in *Galatolo v. United States*, 394 Fed.Appx. 670 (11th Cir. Aug. 30, 2010) noted that when, as here, "a Rule 60 motion is construed as an independent action alleging fraud on the court, the movant must establish by ***clear and convincing evidence***, among other things, 'fraud, accident, or mistake which prevented the [movant] in the judgment from obtaining the benefit of his [position].'" *Id.* at 672 (emphasis supplied), quoting *Travelers Indem. Co., supra,* 761 F.2d at 1551.

> Only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. An action for

---

[9]     At all times, of course, it is important to recognize that the "fraud exception to § 2244's prohibition on successive § 2255 motions . . . only applies 'where the fraud was perpetrated on the federal court and resulted in the denial of federal habeas relief, not where the fraud was perpetrated on a [trial] court.'" *El-Amin v. United States,* 172 Fed.Appx. 942, 945-946 (11th Cir.) (quoting *Gonzalez v. Secretary for Dep't of Corrections*, 366 F.3d 1253, 1284 (11th Cir. 2004)), *cert. denied*, 549 U.S. 938, 127 S.Ct. 327, 166 L.Ed.2d 244 (2006).

> fraud on the court should be available only to prevent a grave miscarriage of justice. Further, the movant must show an unconscionable plan or scheme to improperly influence the court's decision. Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud.

*Id.* (internal citations, quotation marks, and brackets omitted).) Thus, independent actions under Rule 60(d) are "'reserved for those cases of "injustices which, in certain instances, are deemed sufficiently gross to demand a departure" from rigid adherence to the doctrine of *res judicata*.'" *Day, supra,* 346 Fed.Appx. at 478, quoting *United States v. Beggerly,* 524 U.S. 38, 46, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998), in turn quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250 (1944).

There is simply no injustice here, sufficiently gross, to demand a departure from rigid adherence to *res judicata*. Instead, what petitioner is asking this Court to swallow whole, solely in order to skirt the requirements of 28 U.S.C. § 2244(b)(3)(A),[10] are conclusory allegations, devoid of any probative facts, that the respondent "concealed" from this Court in *Hines v. Johnson,* CA 86-0357-BH, the Alabama Court of Criminal Appeals' decision in *Webb v. State*, 539 So.2d 352 (Ala.Crim.App. Apr. 28, 1997), a case which Hines claims "adopted verbatim [the] legal argument that was before [this] Court [in *Hines v. Johnson, supra*.]" (*See* Doc. 23, at   .) It is impossible, in the first instance, for the undersigned to perceive how the respondent "concealed" the *Webb* case from this

---

[10]     In this regard, the undersigned would note that in his Application for Leave to File a Second or Successive Habeas Corpus Petition, filed with the Eleventh Circuit Court of Appeals, Hines simply argued that *Webb* was not available to him when he filed his first habeas corpus complaint with this Court in 1986. (*See* Doc. 31, Exhibit A, at 15.) Being unsuccessful in that endeavor (*see, e.g., id.*, Exhibit B), however, and ever the whirling dervish, Hines now conveniently regroups to contend that the respondent perpetuated a fraud on this Court by "concealing" *Webb* from the court.

Court,[11] even taking petitioner at his word that the respondent received an advanced copy of that case on April 17, 1987, since Magistrate Judge Milling did not pen his report and recommendation until well over eighteen (18) months later on October 31, 1988 and, therefore, easily could have discovered this case with a modicum of research.[12] In other words, a finding by this Court that it constitutes a fraud for a party not to submit every case about which he/she/it has knowledge, and which this Court could easily discover itself by performing basic legal research, would enlarge the bounds of the egregious conduct necessary to constitute a fraud on the court beyond that contemplated by the Eleventh Circuit. Thus, the respondent simply did not "hide" or "conceal" *Webb* from this Court and, therefore, no fraud was perpetuated on this Court by the respondent in *Hines v. Johnson, supra.*

That the foregoing conclusion is correct is apparent from the record of the

---

[11]     Petitioner gives this Court no indication why it should have dawned on the respondent to bring *Webb* to the attention of Magistrate Judge Milling or United States District Judge Hand after it was decided since the pertinent constitutional issue before this Court was whether petitioner's trial counsel provided ineffective assistance at sentencing, an argument which respondent responded to correctly by citing the Supreme Court's decisions in *Strickland* and *Cronic* penned some two years earlier, and *Webb* was not decided in the ineffective-assistance-of-counsel context, *see* 539 So. 2d at 351-356.

[12]     After all, as alluded to earlier, it is this Court's task to adjudge cases that are presented for adjudication and in order to accomplish this task the Court necessarily performs its own independent research. And it would have been relatively simple for this Court to find *Webb*, as well as a plethora of other cases involving Alabama's HFOA and, more specifically, the proper methods for proving prior convictions. This is because it was in the early and mid 1980's (that is, during the time petitioner was convicted and sentenced for possession of burglar's tools) that the proper methods for proving prior convictions **evolved** inasmuch as the HFOA, as initially passed, did not set forth such proper methods. *See Jones v. White*, 992 F.2d 1548, 1569-1570 (11th Cir. 1993). Indeed, it was not until mid-1987 that "the Alabama legislature codified the proper methods for proving a prior conviction for purposes of enhancement under the HFOA[,]" *id.* at 1570, and after enactment of this statute, "Alabama courts held that prior convictions could be proved by a certified minute entry, a certified judgment entry, or by the defendant's admission of the prior conviction." *Id.*, citing *Brooks v. State*, 520 So.2d 195, 200 (Ala.Crim.App. 1987).

proceedings in *Hines v. Johnson*, as previously set forth at some length. First, in his habeas corpus complaint filed in that case, Hines only set forth in conclusory fashion that his attorney provided ineffective assistance during sentencing and when he finally expounded on his claim in his "Demand for Judgment"[13] this particular claim bore no resemblance to the arguments presented to the trial court during his error coram nobis hearing and certainly placed neither this Court nor the respondent on notice that the legal arguments he was making were identical to the legal arguments made in *Webb*.[14] Indeed, a comparison of the two cases reveals several glaring differences, the least of which, as alluded to earlier, is that *Webb* was not decided in the context in which Hines was asking this Court to decide his habeas case, that is, with respect to a claim of ineffective assistance of counsel. In addition, unlike *Webb*, where the defendant only admitted to his prior felony conviction on cross-examination, 539 So.2d at 351-352 & 353, Hines not only admitted his prior convictions on cross-examination but, as well, admitted those convictions on redirect examination and testified on direct examination to being in the penitentiary prior to being charged with the instant crime.  Given the differences between the two cases, there was simply no obligation on the respondent's part  to bring *Webb* to the attention of the Court, and certainly no "fraud" perpetuated

---

[13]    As is apparent from the record, this document was filed well after the respondent had amended his answer for the last time. Moreover, this Court did not request a supplemental response from the respondent after petitioner filed his Demand for Judgment. *See Hines v. Johnson, supra.*

[14]    Petitioner incorrectly informed this Court in his current "original action" that in ruling on his previous habeas corpus petition, Judge Milling held that a defendant's admission of prior convictions during trial waives the State's notice requirement and burden of proof inasmuch as nowhere in the report and recommendation does Judge Milling make any mention of the notice requirement or make the statement Hines attributes to that decision. Of course, this is absolutely a correct statement of the law and *is* the basis for the undersigned finding no underlying constitutional violation in connection with the use of petitioner's prior convictions to sentence him as a habitual offender.

on this Court for failing so to do.[15] Not surprisingly, therefore, the undersigned finds that the requirements for fraud on the court have not been, nor could they reasonably be construed as having been, met in this case.

      **B.**   **Underlying Constitutional Violation**. Even had petitioner been able to satisfy the arduous requirements of fraud on the court, there was no (nor could there reasonably be considered to have been an) underlying constitutional violation in connection with the use of the petitioner's prior convictions to sentence him as a habitual offender. This is very simply because at the time of Hines' conviction and sentence on December 5, 1983,[16] Alabama law provided that there was no requirement for notice under Rule 6(b)(3)(ii) of the Alabama Rules of Criminal Procedure where the defendant admitted to prior felony convictions during his trial testimony. *See Wilson v. State*, 428 So.2d 197, 201 (Ala.Crim.App. Mar. 1, 1983) (in a case in which the defendant was sentenced immediately after the jury returned its guilty verdict, the Alabama Court of Criminal Appeals held that "[w]here the accused admits the prior felony conviction in his testimony . . ., the necessity for the notice is obviated.").[17] In this case, Hines admitted two prior felony convictions in his testimony on re-direct examination, thereby obviating the necessity for notice. Because his trial attorney had nothing to which to object at sentencing, he cannot be said to have rendered constitutionally

---

[15]     Based upon the foregoing discussion, it is also clear that Hines has not provided clear and convincing probative facts that there was an "'unconscionable plan or scheme' to influence the court's decision." *See Galatolo, supra,* 394 Fed.Appx. at 672 (citation omitted).

[16]     Hines was tried, convicted and sentenced on December 5, 1983.

[17]     Of course, the respondent did not cite this Court to *Wilson, supra,* back in his 1986 response to Hines' first federal habeas complaint (nor any of the many state cases dealing with the HFOA at the time), even though *Wilson* is much closer factually to Hines' case than is *Webb,* yet petitioner remains curiously silent with respect to respondent's failure in this regard.

ineffective assistance in violation of the Sixth Amendment to the United States Constitution.[18]

In light of the foregoing, the undersigned recommends that the Court deny petitioner's motion to reconsider (Doc. 23) and specifically find that reasonable jurists could not find it debatable that petitioner's first ground states a valid claim of the denial of a constitutional right. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). It does not and, therefore, petitioner's request for a certificate of appealability is properly **DENIED** on reconsideration.

## CONCLUSION

The Magistrate Judge recommends that the Court **DENY** Thomas Curtis Hines' motion to reconsider the denial of a COA (Doc. 23). As reflected in this supplemental report and recommendation, Hines is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 11th day of September, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[18]    At this juncture, the undersigned would also remind the reader that Hines did not object to that portion of Judge Milling's October 31, 1988 report and recommendation which found that his trial attorney did not provide ineffective assistance at sentencing. *See Hines v. Johnson, supra,* at Doc. 36; *compare id. with id.,* Doc. 33.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).    The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[19] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[19]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).